**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18-06105 |
| MARKPOL DISTRIBUTORS, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Hon. A. Benjamin Goldgar |
| ) | |

**NOTICE OF EMERGENCY MOTION**

PLEASE TAKE NOTICE that on March 5, 2018 at 9:30 a.m., the undersigned shall appear before the Honorable A. Benjamin Goldgar in Courtroom 642, or whomever may be sitting in his place and stead, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois and will then and there present the *Emergency Motion for Interim and Final Orders (A) Authorizing Debtor to Pay Pre-Petition Wages, Salaries, and Employee Benefits; (B) Authorizing Debtor to Continue the Maintenance of Employee Benefit Programs in the Ordinary Course of Business; and (C) Request for Shortened and Limited Notice* a copy of which is attached hereto and herewith served upon you.

PLEASE TAKE FURTHER NOTICE that the Motion may be opposed on the basis that emergency treatment is not appropriate.

Dated: March 2, 2018                **MARKPOL DISTRIBUTORS, INC.**

                                By:  /s/ Shelly A. DeRousse
                                        One of Its Proposed Attorneys

                                Shelly A. DeRousse, Esq.
                                Elizabeth L. Janczak, Esq.
                                FREEBORN & PETERS LLP
                                311 South Wacker Drive, Suite 3000
                                Chicago, Illinois 60606-6677
                                Telephone:  312.360.6000
                                Facsimile:  312.360.6520
                                sderousse@freeborn.com
                                ejanczak@freeborn.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18-06105 |
| MARKPOL DISTRIBUTORS, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Hon. A. Benjamin Goldgar |
| ) | |

### CERTIFICATE OF SERVICE

    I, Shelly A DeRousse, an attorney, hereby certify that on March 2, 2018, I caused a true and correct copy of the foregoing *Notice of Emergency Motion* and *Emergency Motion for Interim and Final Orders (A) Authorizing Debtor to Pay Pre-Petition Wages, Salaries, and Employee Benefits; (B) Authorizing Debtor to Continue the Maintenance of Employee Benefit Programs in the Ordinary Course of Business, and (C) Request for Shortened and Limited Notice* to be filed with the Court and served upon the following parties by the manner listed.

**Facsimile Service List**

Office of the United States Trustee
219 S. Dearborn Street, Room 873
Chicago, IL 60604
Facsimile: (312) 886-5794

Greiman, Rome & Griesmeyer, LLC
c/o Adam B. Rome
2 North LaSalle Street, Suite 1601
Chicago, IL 60602
Facsimile: (312) 428-2740

Internal Revenue Service
5333 Getwell Rd
Stop 8423, Memphis, TN 38118
Fax: (855) 214-7519

**Via FedEx Overnight**

| | |
|---|---|
| Futuro Foods, Inc. | Hostess Brands, LLC |
| 3115 Madison Str. #F | 1 E. Armour Blvd |
| Bellwood, IL 60104 | Kansas City, MO 64111 |

Aunt Millie's Bakeries Inc
350 Pearl St
Fort Wayne, IN 46802

Ford Finance
1005 Conventional Plaza
St. Louis, MO 63101

Bauducco Foods Inc
1708 NW 133rd Ave
Miami, FL 33182

Penske Truck Leasing
3850 Mannheim Rd
Franklin Park, IL 60131

Isuzu Finance
2500 Westchester Ave
Purchase, NY 10577

PepsiCo
1100 Reynolds Blvd.
Winston-Salem, NC 27105

American Express
200 Vesey Street
New York, NY 10285

Cooling Equipment Svcs Inc.
141 Garlisch Drive
Elk Grove Village, IL 60007

Kraft Heinz Company
22541 Network Place
Chicago, IL 60673

Ari Food Inc
201 Eastern
Bensenvile, IL 60106

Food Evolution Inc
4260 N. Old River Rd
Schiller Park, IL 60176

Dot Foods Inc
1 Dot Way
Mt. Sterling, IL 62353

Mokate SA
Strazacka 48
Zory Poland 44-240

Hartford Accident & Indemnity
1 Hartford Plaza
Hartford, CT 06104

Kupiec Kupiecka
7 Paprotnia
Poland 62-513

Igar Bridal Inc
723 E. Dundee
Arlington Heights, IL 60004

Capital One
77 W. Wacker Drive
Chicago, IL 60601

Labor Solutions Inc
729 Pinecrest Drive
Prospect Heights, IL 60070

   /s/ Shelly A. DeRousse

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18-06105 |
| MARKPOL DISTRIBUTORS, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Hon. A. Benjamin Goldgar |
| ) | |

**EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING DEBTOR TO PAY PRE-PETITION WAGES, SALARIES, AND EMPLOYEE BENEFITS; AND (B) AUTHORIZING DEBTOR TO CONTINUE THE MAINTENANCE OF EMPLOYEE BENEFIT PROGRAMS IN THE ORDINARY COURT OF BUSINESS, AND (C) REQUEST FOR SHORTENED AND LIMITED NOTICE**

Markpol Distributors, Inc. (the "*Debtor*"), debtor and debtor-in-possession in the above-captioned bankruptcy case, by its proposed counsel, moves (the "*Motion*") this Court for entry of interim and final orders: (a) authorizing the payment of pre-petition employee compensation, benefits and related items; (b) authorizing the continuation of all employee benefits programs in the ordinary course, and (c) request for shortened and limited notice of same, and in support thereof state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue for these chapter 11 cases and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for relief requested herein are sections 105(a), 363(b), 363(c), 507(a)(4), 507(a)(5), 541(b), 1107, and 1108 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the

1

"*Bankruptcy Rules*").

## BACKGROUND

4. On March 2, 2018 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*").

5. The Debtor maintains possession of its property and is operating and managing its business as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. No official committee of unsecured creditors has been appointed.

7. The factual background regarding the Debtor, including its business operations, capital structure and the events leading to the filing of this chapter 11 case is set forth in detail in the Declaration of Mark Kozyra filed concurrently herewith and incorporated herein by reference.

## REQUEST FOR RELIEF

8. By this Motion, the Debtor requests entry of interim and final orders: (a) authorizing the payment of pre-petition employee compensation, benefits and related items; and (b) authorizing the continuation of all employee benefits programs in the ordinary course. Proposed interim and final orders are attached hereto as Exhibits A and B, respectively.

9. The Debtor employs approximately 69 individuals, consisting of 47 full-time employees and 22 independent contractors, who are paid bi-monthly either by check or direct deposit.

10. To minimize the personal hardship these employees and their families will suffer if the Debtor's employee-related obligations are not paid, to maintain employee morale at this critical time, and to ensure that their employees do not leave to work for, or to start up,

competing enterprises, the Debtor seeks authority to honor all employee-related obligations owed as of the Petition Date.

11. Specifically, and as subsequently described in more detail below, the Debtor requests: (i) authority to pay in the ordinary course of business all employment-related compensation obligations, benefit obligations, withholding obligations, temporary employees and consultants, administrative obligations and expense reimbursement obligations (collectively, the "*Employment Obligations*");[1] (ii) authority to continue in the ordinary course of business all plans, practices, programs, policies, and agreements in effect as of the Petition Date with respect to such Employment Obligations and any other employment-related obligations (collectively, the "*Employment Policies*");[2] and (iii) authority to take such other actions as may be necessary or appropriate to insure that its employees' rights with respect to Employment Obligations and Employment Policies are not prejudiced as a result of the commencement of this chapter 11 case.

<b><u>Payment of Employment Obligations</u></b>

**A.      Salaries, Wages, and Commissions**

12. As of the Petition Date, the Debtor employed approximately 69 individuals, of whom 47 are full-time and 22 are independent contractors. Of the full-time employees, 8 are salaried and 39 are hourly. The Debtor pays employee salaries and wages on a bi-weekly basis, two weeks in arrears.

13. On March 6, 2018, the Debtor is obligated to fund its employees' wages, salaries, and commissions for the period of February 16, 2018 to February 28, 2018, which are estimated

---

1       Employment Obligations shall include the Prepetition Wage Obligations, Vacation Time, Payroll Services, Medical Plan, Worker's Comp Plan, and payroll withholdings, as subsequently defined herein.
2       For purposes of this Motion, Employment Policies shall not include any employee related retention plans or programs in existence prior to the Petition Date.

3

to be $111,000 including amounts for withholding taxes and payroll services (the "*February Wage Obligations*").

14.     Additionally, the Debtor estimates that for March 1-2, 2018, its employees will be owed approximately $18,000 in salaries, wages, and commissions including amounts for withholding taxes and payroll services (the "*March Wage Obligations*," together with the February Wage Obligations, the "*Prepetition Wage Obligations*").

15.     As of the Petition Date, the Debtor estimates that no employees are owed in excess of $12,850 for unpaid pre-petition wages, salaries, or commissions.  The Debtor's employees therefore have a priority claim with respect to all of their accrued but unpaid pre-petition salaries, wages, or commissions pursuant to section 507(a)(4) of the Bankruptcy Code. As to those amounts not entitled to priority under section 507(a)(4) of the Bankruptcy Code, if such amounts are not paid, the Debtor risks losing a number of their valued employees, which in turn could cause a significant erosion in its revenues.  For this reason, the Debtor submits that it is necessary to pay even those employee obligations that may not otherwise be entitled to priority.

**B.     Other Compensation:  Vacation, Personal Time, Sick Time, Bonuses, Reimbursable Business Expenses, and Severance Payments**

16.     The Debtor also offer its employees other forms of compensation, including vacation time, paid holidays, other earned time off, bonuses, and reimbursement of business expenses,.  These forms of compensation are usual, customary, and necessary for the Debtor to retain qualified employees and remain operating as a going concern.

17.     *Vacation*.  All full-time employees are eligible to accrue paid vacation.  Vacation accrual is based on an employee's length of service to the Debtor ("*Vacation Time*").  The

4

amount of Vacation Time accrued by an employee in a given year ranges one (1) to three (3) weeks per year, depending on length of service.

18. By this Motion, the Debtor seeks authority to honor in the ordinary course of business all liabilities to its employees. The Debtor anticipates that its employees will utilize any accrued Vacation Time or other paid time off in the ordinary course of business without resulting in any material cash flow requirements beyond the Debtor's normal payroll obligations.

**C.** **Payroll Services**

19. The Debtor uses Paychex as a payroll service company to, among other things, process the payroll checks and remit the appropriate withholding taxes for the employees and coordinate its human resources information system (collectively, the "*Payroll Services*"). On average, the Debtor pays approximately $500.00 per month to Paychex for payroll administration and other payroll-related services. By this Motion, the Debtor requests authority to pay any and all prepetition amounts that may be due and owing on account of the Payroll Services, and continue to use the Payroll Services on a postpetition basis, in the ordinary course of business. Such amount is included in the estimate for wages, salaries, and commissions above.

**D.** **Employee Benefit Plan**

20. In the ordinary course of their businesses, the Debtor provides its full-time employees and an unknown number of their employees' dependents with medical benefits pursuant a policy with Time Insurance Company (the "*Medical Plan*"). Active full-time employees are eligible for benefits under the Medical Plan. The Medical Plan offers medical benefits and employee assistance programs.

21. The Medical Plan costs the Debtor approximately $1,200.00 each month. As of the Petition Date, the Debtor's unpaid premiums are approximately $3,600.00. By this Motion,

5

the Debtor requests authority to make payments and remittances related to the Medical Plans in the ordinary course of business.

E. **Workers' Compensation**

22. The Debtor provides workers' compensation benefits to all employees. These benefits are covered exclusively under the Debtor's workers' compensation insurance program (the "*Worker's Comp Plan*") maintained by The Cincinnati Insurance Company, Inc. and administered by GIS Benefits. Failure to maintain this insurance could result in administrative or legal proceedings against the Debtor.

23. As of the Petition Date, the Debtor anticipates that its unpaid premiums are approximately $12,000.00. By this Motion, the Debtor requests authority to make payments and remittances related to the Worker's Comp Plan in the ordinary course of business.

F. **Withholdings**

24. In connection with the payment of their various employment obligations, the Debtor is required under applicable law to withhold from employee payroll checks certain obligations of its employees, including federal, state, and local income taxes, social security, Medicare, and unemployment taxes. In the ordinary course of business, the Debtor also may withhold from payroll checks employee contributions to medical plans or other contributions or obligations of the employees as directed by the employees or pursuant to applicable law. The Debtor also makes payments for the employer's portion of payroll taxes and other obligations as required by applicable law.

25. The Debtor estimates that as of the Petition Date, the aggregate amount owed for withholding obligations totals approximately $10,000, which amount is included in the estimated salaries, wages, and commissions. The Debtor believes that such withheld funds, to the extent

that they remain in the Debtor's possession, constitute moneys held in trust and therefore are not property of the Debtor's bankruptcy estate. Thus, the Debtor believes that it has the authority to direct such funds to the appropriate parties in the ordinary course of business

### G.  Continuation of Employment Policies

26. The Debtor also seeks authority, at its discretion and in the exercise of its business judgment, to honor and continue its existing Employment Policies in the ordinary course of business. Such authorization shall not be deemed to constitute post-petition assumption or adoption of any such Employment Policy pursuant to section 365 of the Bankruptcy Code. The Debtor retains its right to modify or terminate any of the Employment Policies at any time, and to treat any obligation arising thereunder as a general unsecured claim to the extent consistent with the provisions of the Bankruptcy Code.

### H.  Payment of Checks and Fund Transfer Requests Drawn on Payroll Accounts

27. The Debtor intends to close its pre-petition bank accounts and open post-petition debtor-in-possession operating accounts. By this Motion, the Debtor requests that its post-petition depository institution be authorized and directed to honor all otherwise valid payroll checks or fund transfer requests issued from such debtor-in-possession operating accounts, including checks or fund transfer requests relating to pre-petition Employment Obligations. In addition, the Debtor seeks authority to issue new post-petition checks and fund transfer requests on account of any authorized Employment Obligations to replace any prepetition check or fund transfer requests that may have been dishonored or denied.

### APPLICABLE AUTHORITY

28. The Debtor submits that authority exists under sections 363, 507(a), 1107, and 1108 of the Bankruptcy Code to honor the Employment Obligations in order to aid the Debtor in

7

retaining the Debtor's workforce, and all its skill, institutional knowledge, and understanding of the Debtor's assets and liabilities. The retention of these employees, in turn, will help maximize the value of the Debtor's estate for its stakeholders.

**I.  THE PREPETITION EMPLOYMENT OBLIGATIONS ARE ENTITLED TO PRIORITY**

29. Sections 507(a)(4) and (a)(5) of the Bankruptcy Code give priority up to $11,725 per individual for prepetition claims for wages, salaries, vacation, and sick leave, and claims for contributions to employee benefit plans. The Debtor believes that the vast majority, if not all, of the Employment Obligations that the Debtor seeks to pay are entitled to priority under sections 507(a)(4) and (a)(5) of the Bankruptcy Code and, as such, must be paid in full as a condition of confirmation of a chapter 11 plan. *See* 11 U.S.C. § 1129(a)(9). To the extent that the Employment Obligations are entitled to priority under sections 507(a)(4) and (a)(5) of the Bankruptcy Code, payment in the ordinary course of business simply accelerates the timing of the payments that otherwise will have to be paid in any event, and therefore does not significantly alter the priority scheme set forth in the Bankruptcy Code.

30. Further, to the extent that certain Employment Obligations are not entitled to priority status under section 507 of the Bankruptcy Code, the Debtor believes that such amounts should be authorized to be paid under section 105(a) of the Bankruptcy Code, pursuant to the Court's general equitable powers to issue such orders as are necessary to carry out the provisions of the Bankruptcy Code.

**II.  SECTIONS 363(b)(1) AUTHORIZES USE OF ESTATE PROPERTY UNDER THESE CIRCUMSTANCES**

31. Section 363(b)(1) authorizes a debtor to use estate property other than in the ordinary course of business if there is a sound business justification for doing so. *See Fulton*

*State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991) (noting that a debtor may sell property outside the ordinary course of business if it can provide an "articulated business justification[.]") (internal citations omitted). Courts generally hold that a debtor's decision to enter into a transaction outside of the ordinary course of business is governed by the business judgment standard. *See In re U.S. Airways Group, Inc.*, 287 B.R. 643, 645 (Bankr. E.D. Va. 2002); 3 Collier on Bankruptcy § 363.01[1][g] (15th ed. rev. 2002).

32. When applying the "business judgment" rule, courts show great deference to the debtor's decision-making. *See e.g. In re Castre*, 312 B.R. 426, 430 (Bankr. D. Colo. 2004); *In re Murphy*, 288 B.R. 1, 5 (D. Me. 2002); *In re Bakalis*, 220 B.R. 525, 532 (Bankr. E.D.N.Y. 1998).

33. Courts in this District and others have routinely authorized similar relief to that requested in this Motion. *See e.g. In re The Shorebank Corp.*, No. 12-00581 (Bankr. N.D. Ill. Jan. 11, 2012 [Docket No. 28]) (authorizing debtors to pay prepetition wages under section 363(b)); *In re AMCORE Fin., Inc.*, No. 10-37144 (Bankr N.D. Ill. Aug. 24, 2010) [Docket No. 18] (same); *In re Corus Bankshares, Inc.*, No. 10-26881 (Bankr. N.D. Ill. June 16, 2010) [Docket No. 19] (same); *In re Kimball Hill, Inc.*, No. 08-10095 (Bankr. N.D. Ill. May 25, 2008) [Docket No. 240] (same); *In re McLeodUSA, Inc.*, No. 05-63230 (Bankr. N.D. Ill. Oct. 31, 2005) [Docket No. 44] (same); *In re Nat'l Steel Corp.*, No. 02-08699 (Bankr. N.D. Ill. Mar. 6, 2002) [Docket No. 47] (same).

34. Moreover, sections 1107(a) and 1108 of the Code vest a debtor in possession with authority to continue operating its businesses. Sometimes this authority and the concomitant duty to maximize estate value may be fulfilled only through the pre-plan payment of certain unsecured claims. *See In re Mirant Corp.*, 296 B.R. 427, 429 (Bankr. N.D. Tex. 2003); *In re CoServ, L.L.C.*, 273 B.R. 487, 498 (Bankr. N.D. Tex. 2002); *cf. In re Commercial Mortg. & Fin.,*

9

*Co.*, 414 B.R. 389, 395 (Bankr. N.D. Ill. 2009) (noting that a debtor in possession "has the discretionary authority to exercise [its] business judgment in operating the debtor's business similar to the discretionary authority to exercise business judgment given to an officer or director of a corporation.")

35. The Debtor submits that payment of the Employment Obligations is a sound exercise of its business judgment because, as a food distributor, the Debtor relies heavily on its employees to coordinate the purchase and delivery of product to the Debtor's customers in a timely manner. Missed or reduced paychecks would likely induce significant numbers of employees to find work elsewhere at a time when maintaining business-as-usual is critical to the Debtor's survival.

36. In short, failure to pay these obligations would compromise the Debtor's ability to reorganize in this chapter 11 case and potentially decrease the value of the Debtor's assets.

## IV. THE PAYROLL TAXES ARE HELD IN TRUST AND PAYMENT WILL NOT PREJUDICE THE ESTATE

37. The payment of the payroll taxes will not prejudice the Debtor's estate because such withholdings are held in trust for the benefit of the related payees and, thus, do not constitute property of the Debtor's estate under section 541 of the Bankruptcy Code. *See Begier v. IRS*, 496 U.S. 53, 66-67 (1990).

## IV. THE REQUIREMENTS OF RULE 6003(b) HAVE BEEN SATISFIED

38. Finally, pursuant to Bankruptcy Rule 6003, the Court may grant relief regarding a motion to pay all or part of a prepetition claim within 21 days after the Petition Date if the relief is necessary to avoid immediate and irreparable harm. Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern. *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr.

10

S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

39. As described above, the Debtor's employees are integral to the Debtor's operations and failure to satisfy such obligations during the first 21 days of this chapter 11 case will jeopardize their loyalty and trust and lower morale, which would severely disrupt the Debtor's operations at this crucial stage.

40. Moreover, the Debtor's employees rely on their compensation, benefits, and reimbursement of expenses to pay their living expenses and the effect could be financially catastrophic if the Debtor cannot pay them in the ordinary course of business. Accordingly, the Debtor submits that it has satisfied the requirements of Bankruptcy Rule 6003 to support the immediate payment of the Employment Obligations.

41. Although the Debtor seeks to pay the Employment Obligations and continue the Employment Policies in effect immediately prior to the Petition Date, such action, if authorized, should not be deemed to be an assumption or adoption of any agreement or policy providing such coverage. The Debtor retains its right to assume, reject or modify any employee wage, incentive, or benefits programs to the extent they are entitled to under existing contracts, agreements, or applicable law.

### V.     WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

42. To implement the foregoing successfully, the Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NOTICE

43. The Debtor shall provide notice via facsimile of this Motion to: (a) the Office of the United States Trustee for the Northern District of Illinois; (b) MB Financial Bank, the Debtor's secured creditor; and (c) the Internal Revenue Service.

44. The Debtor shall also provide notice of this Motion FedEx overnight delivery to the Debtor's twenty largest creditors.

45. The Debtor submits that, under the circumstances, no other or further notice is necessary.

WHEREFORE, the Debtor requests that this Court: (a) enter an Order on an interim basis: (i) authorizing the payment of pre-petition employee compensation, benefits and related items; and (ii) authorizing the continuation of all employee benefits programs in the ordinary course; (b) scheduling a final hearing with respect to the Motion; (c) approving the shortened and limited notice requested herein; and (d) granting such other and further relief as the Court deems just and proper.

Dated: March 2, 2018                   **MARKPOL DISTRIBUTORS, INC.**

                                        By: /s/ Shelly A. DeRousse
                                            One of Its Proposed Attorneys

                                            Shelly A. DeRousse, Esq.
                                            Elizabeth L. Janczak, Esq.
                                            FREEBORN & PETERS LLP
                                            311 South Wacker Drive, Suite 3000
                                            Chicago, Illinois 60606-6677
                                            Telephone: 312.360.6000
                                            Facsimile: 312.360.6520
                                            sderousse@freeborn.com
                                            ejanczak@freeborn.com