# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18-06105 |
| MARKPOL DISTRIBUTORS, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Hon. A. Benjamin Goldgar |
| ) | |

### FINAL ORDER GRANTING MOTION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING DEBTOR TO PAY PRE-PETITION WAGES, SALARIES, AND EMPLOYEE BENEFITS; (B) AUTHORIZING DEBTOR TO CONTINUE THE MAINTENANCE OF EMPLOYEE BENEFIT PROGRAMS IN THE ORDINARY COURT OF BUSINESS

Upon the motion (the "*Motion*") of Markpol Distributors, Inc. (the "*Debtor*"), debtor and debtor-in-possession in the above-captioned bankruptcy case, for entry of a final order (the "*Final Order*"): (a) authorizing the payment of pre-petition employee compensation, benefits and related items; and (b) authorizing the continuation of all employee benefits programs in the ordinary course; the Court having reviewed the Motion and the Declaration of Mark Kozyra in Support of First Day Motions, the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate and its creditors, and due and proper notice of the Motion having been given under the circumstances;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein. Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1

2. The Debtor is authorized, but not directed, to continue to honor the Employment Obligations and to pay any prepetition amounts due in connection therewith.

3. The Debtor is authorized, but not directed, to issue postpetition checks, or to effect postpetition wire or ACH transfer requests, in replacement of any checks or wire transfer or ACH requests in respect of payments of prepetition obligations described in the Motion that are dishonored or rejected.

4. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order constitutes: (a) an admission as to the validity of any prepetition claim against the Debtor; (b) a waiver of the Debtor's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

5. Notwithstanding anything to the contrary contained herein, the relief granted in this Final Order and any payment to be made hereunder shall be subject to the terms of any orders granting the use of cash collateral approved by this Court in this chapter 11 case (including with respect to any budgets governing or relating to such use), and to the extent there is any inconsistency between the terms of such cash collateral orders and any action taken or proposed to be taken hereunder, the terms of such cash collateral orders shall control.

6. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

7. Notice of the Motion as provided therein is deemed sufficient and the requirements of Bankruptcy Rule 6004(a) of the Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

9. The Debtor is authorized to take all actions necessary to effect the relief granted in this Final Order in accordance with the Motion.

Dated: **2 1 MAR 2018**,

_____
United States Bankruptcy Judge

3